7IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADALIA ANN PEREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 1:14-CV-179 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF THE | ) |
| SOCIAL SECURITY ADMINISTRATION | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court for review of the Commissioner of Social Security's decision denying Disability Insurance Benefits to Plaintiff, Adalia Ann Perez. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED.**

BACKGROUND

On December 29, 2010, the Plaintiff, Adalia Ann Perez ("Perez"), filed an application for Disability Insurance Benefits ("DIB"). Perez alleged that she was disabled due to panic attacks, back pain, and knee pain. The Social Security Administration ("SSA") denied her initial application and also denied her claim on reconsideration. On October 11, 2012, the Plaintiff appeared via video conference with counsel, Kenneth E. McVey, III, at an administrative hearing before Administrative

Law Judge ("ALJ") Robert M. Butler ("Butler"). At this hearing, testimony was provided by Perez and Mary Williams (a vocational expert or "VE"). On January 24, 2013, ALJ Butler issued a decision denying the claimant's DIB claim and finding that Perez was not disabled during the relevant time period because she could perform her past relevant work and a significant number of jobs in the national economy, despite her limitations. (Tr. 14-23).

Perez requested that the Appeals Council review the ALJ's decision, but the request was denied. Accordingly, the ALJ's decision became the Commissioner's final decision. *See* 20 C.F.R. § 422.210(a)(2005). The claimant has initiated the instant action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

DISCUSSION

Perez was born on September 27, 1976, and was 33 years old on the alleged disability onset date. (Tr. 22). Perez has a limited education. (Tr. 22). In the past, she has worked as a basket maker. (Tr. 22). Perez's alleged impairments include cocaine abuse (in remission), myofascial back pain, degenerative disc disease, major depressive disorder, general anxiety disorder

with panic attacks, remote history of gunshot wound to right thigh, mood disorder, panic disorder with agoraphobia, shoulder bursitis, cervicalgia, hypertension, posttraumatic stress disorder, right knee pain, GERD, bipolar disorder, and migraine headaches. (Tr. 17-18).

The medical evidence is largely undisputed and has been set forth in great detail in both the ALJ's decision and the parties briefs. There is no reason to repeat it in detail here, although pertinent details are discussed below as needed.

Review of Commissioner's Decision

This Court has authority to review the Commissioner's decision to deny social security benefits. 42 U.S.C. § 405(g). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...." *Id*. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quotation omitted). In determining whether substantial evidence exists, the Court shall examine the record in its entirety, but shall not substitute its own opinion for the ALJ's by reconsidering the facts or reweighing the evidence.

*Jens v. Barnhart*, 347 F.3d 209, 212 (7th Cir. 2003). With that in mind, however, this Court reviews the ALJ's findings of law de novo and if the ALJ makes an error of law, the Court "may reverse without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999).

As a threshold matter, for a claimant to be eligible for benefits under the Social Security Act, the claimant must establish that she is disabled. To qualify as being disabled, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) and 1382(a)(1). To determine whether a claimant has satisfied this statutory definition, the ALJ performs a five-step evaluation:

> Step 1: Is the claimant performing substantial gainful activity: If yes, the claim is disallowed; if no, the inquiry proceeds to step 2.
>
> Step 2: Is the claimant's impairment or combination of impairments "severe" and expected to last at least twelve months? If not, the claim is disallowed; if yes, the inquiry proceeds to step 3.

> Step 3: Does the claimant have an impairment or combination of impairments that meets or equals the severity of an impairment in the SSA's Listing of Impairments, as described in 20 C.F.R. § 404 Subpt. P, App. 1? If yes, then claimant is automatically disabled; if not, then the inquiry proceeds to step 4.
>
> Step 4: Is the claimant able to perform his past relevant work? If yes, the claim is denied; if no, the inquiry proceeds to step 5, where the burden of proof shifts to the Commissioner.
>
> Step 5: Is the claimant able to perform any other work within his residual functional capacity in the national economy: If yes, the claim is denied; if no, the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v); see also *Herron v. Shalala*, 19 F.3d 329, 333 n. 8 (7th Cir. 1994).

In this case, the ALJ found that Perez suffered from the following severe impairments: cocaine abuse (in remission); myofascial back pain, degenerative disc disease, major depressive disorder, general anxiety disorder with panic attacks, remote history of gunshot wound to right thigh; mood disorder, and panic disorder with agoraphobia. (Tr. 16). The ALJ found that Perez did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). *Id*. The ALJ also

found that Perez had the residual functional capacity ("RFC") to perform:

> a range of light work, as defined in 20 C.F.R. 404.1567(b). The claimant is further limited to occasional climbing of ladders, ropes, or scaffolds; frequent climbing of ramps or stairs; frequent balancing; and occasional stooping, kneeling, crouching, and crawling.

(Tr. at 18).

In the body of the decision, the ALJ acknowledged further restrictions, as follows:

> In addition, the claimant's work is limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work related decisions and routine work place changes. The claimant's work would be isolated from the public with only occasional supervision and only occasional interaction with co-workers.

(Tr. 19).

After considering Perez' age, education, work experience and RFC, the ALJ relied upon the testimony of the VE and concluded that Perez was not disabled and not entitled to DIB because she was both capable of performing her past relevant work as a basket maker and making a successful adjustment to other work that existed in significant numbers in the national economy. (Tr. 252-23). Thus, Perez' claim failed at step four or,

alternatively, step five of the evaluation process.

Perez asserts that the ALJ committed two errors requiring reversal. First, Perez argues that the ALJ's RFC is erroneous and that, as a result, he presented the VE with an incomplete hypothetical. Second, Perez argues that the ALJ did not adequately address her complaints of pain and other symptoms. Because the credibility determination has some impact on Perez's argument that the VE was presented with an incomplete hypothetical, that argument is addressed first.

The ALJ's Credibility Evaluation

Perez claims that the ALJ's finding that she was not entirely credible is not supported by substantial evidence. Because the ALJ is best positioned to judge a claimant's truthfulness, this Court will overturn an ALJ's credibility determination only if it is "patently wrong." *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). However, the ALJ must articulate specific reasons for discounting a claimant's testimony as being less than credible, and cannot merely ignore the testimony or rely solely on a conflict between the objective medical evidence and the claimant's testimony as a basis for a negative credibility determination. *Schmidt v. Barnhart*, 395

F.3d 737, 746-47 (7th Cir. 2005). The ALJ must make a credibility determination supported by record evidence and be sufficiently specific to make clear to the claimant and to any subsequent reviewers the weight given to the claimant's statements and the reasons for that weight. *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003).

In evaluating the credibility of statements supporting a Social Security Application, the Seventh Circuit has noted that an ALJ must comply with the requirements of Social Security Ruling 96-7p. *See Steele,* 290 F.3d at 942. This ruling requires ALJs to articulate "specific reasons" behind credibility evaluations; the ALJ cannot merely state that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." SSR 96-7p. Furthermore, the ALJ must consider specific factors when assessing the credibility of an individual's statement including:

    1. The individual's daily activities;

    2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

    3. Factors that precipitate and aggravate the symptoms;

    4. The type, dosage, effectiveness, and side effect of any medication the individual takes

> or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p; *see Golembiewski v. Barnhart*, 322 F.3d 912, 915 (7th Cir. 2003). Perez makes several different claims of error regarding the ALJ's credibility determination, each of which will be addressed in turn.

First, Perez argues that the ALJ erred by "failing to determine whether Plaintiff's symptoms could reasonably be expected to result from a demonstrated physical impairment, and deciding what affect (sic) those symptoms have on the claimant's ability to work on a sustained basis." (DE #19 at 11, citing 20 C.F.R. § 404.1529). The ALJ did find that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" (Tr. 19). The ALJ also made a determination of the effect those limitations would have on her

ability to work, although he did not find that they have the same effect that Perez claims.

Perez concedes that the ALJ stated some reasons for finding her less than fully credible, but claims the stated reasons fall short of what is required. In actuality, the ALJ cited a plethora of reasons for finding Perez less than fully credible. The ALJ found her statement that she spends the whole day on the couch not credible, noting that she is raising three children and has been a single mother. (Tr. 19). He further noted that she plays bingo in a hall that seats 100 people even though she does not like being around people. (Tr. 19). Based on the medical evidence of record the ALJ found Perez' statements regarding the intensity of her panic attacks less than credible. (Tr. 19). The ALJ found that her lack of a good work history and her significant prison time further diminish her credibility. (Tr. 19). The ALJ considered the nature of the treatment she has received, which he construed as conservative medical treatment. (Tr. 19). The ALJ further felt that the objective medical testing did not support her assertions of pain. (Tr. 19). He also noted that "[t]he credibility of the claimant's assertions of pain at office visits is further diminished by the claimant's self-report to a treating doctor in March of 2011 that her ex-

husband was having her obtain prescriptions for Vicodin for him (45F)." (Tr. 20). The ALJ also noted that Perez stated she had stopped using cocaine but the medical records establish use after the date she claims she quit. (Tr. 20). She also made inconsistent statements about when she stopped operating her gift basket business. (Tr. 21). The ALJ noted that "[t]he pattern of the claimant reporting to those involved with her disability claimant [sic] that she stopped working, but tells those providing her treatment that she continues to make gift baskets further weakens the credibility of the claimant." (Tr. 21). Furthermore, although Perez claims she does not do house work, she made several trips to the emergency room during the relevant time for chest pain and shortness of breath diagnosed as bronchial spasms from cleaning products. (Tr. 21). While not text-book perfect, this is one of the most thorough justifications of an adverse credibility determination by an ALJ that this Court has encountered.

Perez is critical of the ALJ's statement that, generally, the medical evidence does not support her overall complaints of pain. Perez goes through the medical evidence pointing out that her complaints of pain have been consistent. Here, however, the ALJ does not appear to be referring to a lack of consistent

complaints as a reason for finding her less than fully credible. Instead, he appears to be referring to the objective medical evidence, or lack thereof. And, the ALJ did not say that there was *no* objective medical evidence. As Perez notes, imaging studies show mild bilateral facet arthropathy at two levels and arthritis in her knee. But this medical evidence is not inconsistent with the ALJ's credibility finding. The ALJ's conclusion that the evidence is inconsistent with Perez' complaints is not patently incorrect.

Perez is also critical of the ALJ's reliance on Perez' ability to care for her sons, age 9-17, and do some basket crafts in her spare time. Perez correctly notes that an ALJ should not place too much weight on a claimant's activities of daily living. Indeed, the Seventh Circuit has "repeatedly cautioned that a person's ability to perform daily activities, especially if that can be done only with significant limitations, does not necessarily translate into an ability to work full-time." *See Roddy v. Astrue*, 705 F.3d 631 (7th Cir. 2013)(citations omitted). Perez' brief notes that she also testified that she lies on the couch most of the day and does not perform household chores. Perez also notes that, even if she cared for her children "properly," it would not demonstrate a level of functioning

consistent with the ALJ's RFC finding. If the ALJ had relied upon Perez' ability to parent her children or make baskets alone, the credibility determination could not stand, but the ALJ did not rely on this factor alone. In combination with so many other well-founded reasons for finding Perez less than fully credible, it was proper to consider her daily activities. *See Oakes v. Astrue*, 258 Fed. Appx. 38, 43 (7th Cir. 2007) (noting that an ALJ may "consider whether the claimant's daily activities are inconsistent with [his] stated inability to work."); *Engle v. Colvin*, No. 1:13-cv-339, 2014 WL 6977691, *9 (N.D. Ind. Dec. 9, 2014) (affirming ALJ's decision where ALJ relied on several factors to support credibility determination); *Everaert v. Barnhart,* No. 03-C-0358-C, 2004 WL 1446173, *5 (W.D. Wis. Jun. 4, 2004) (affirming ALJ's decision where ALJ relied on evidence other than daily activities to support credibility determination).

Although not raised in her opening brief, in her reply brief Perez quibbles with the Commissioner's reference to her receiving "conservative treatment." The ALJ himself refers to Perez's treatment as conservative (Tr. 19), and Perez was obligated to raise any argument that this was error in her opening brief. *See Young v. Colvin*, No. 1:13-cv-01602, 2015 WL 1190095, at *7 n.5

(S.D. Ind. Mar. 13, 2015); *Citizens Against Ruining the Env't v. EPA,* 535 F.3d 670, 675 (7th Cir. 2008) ("It is improper for a party to raise new arguments in a reply because it does not give an adversary adequate opportunity to respond."). Accordingly, the argument is waived.

Even if not waived, however, conservative is a relative term. It was not improper for the ALJ to refer to the types of treatment Perez received as conservative. She did receive steroid injections and physical therapy, but she did not receive more aggressive treatments such as surgery. There is no hint that any physician recommended more aggressive treatment for Perez. As SSR 96-7p makes clear, the types of treatment received are one valid consideration when an ALJ is making a credibility determination. Here, even if the ALJ wrongly construed the types of treatment Perez received as conservative, the credibility determination remains sound.

Perez is also critical of the Commissioner for noting that Perez's medical records do not at all times relevant document back pain. Indeed, the ALJ notes that, "the claimant did not complain of any back pain at these emergency room visits." (Tr. 21). The ALJ should not have faulted Perez for not referencing back pain during ER visits for chest pain - she was not there for

-14-

back pain and it makes perfect sense she would not address that medical problem during the ER visit.  But, once again, the credibility determination must be considered as a whole, and when considered in its entirety, the credibility determination remains well-founded.

Perez has not demonstrated that the ALJ's decision regarding her credibility was patently incorrect.  The ALJ's credibility determination, which is entitled to special deference, is affirmed.


The ALJ's RFC Determination and Hypothetical Questions

According to Perez, the ALJ erred in determining her RFC and, as a result, presented the VE with an incomplete hypothetical.  In other words, Perez does not believe the ALJ's RFC finding is supported by substantial evidence. *See Halsell v. Astrue*, 357 F.App'x 717, 724 (7th Cir. 2009)(similarly noting that "Halsell's real problem is not with the hypothetical questions posed to the VE but with the ALJ's decision to discredit her testimony.  Because that determination is supported by substantial evidence, the ALJ did not err in her method of questioning the VE.").

SSR 96-8p provides that an "RFC assessment must include a narrative discussion describing how the evidence supports each

conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p. The Commissioner's decision cannot stand if it lacks either evidentiary support or an adequate discussion of the issues. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345 (7th Cir. 2005).

"The adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC. Careful consideration must be given to any available information about symptoms because subjective descriptions may indicate more severe limitations or restrictions than can be shown by objective medical evidence alone." *SSR 96-8p.*

Plaintiff claims that the ALJ did not incorporate all of her limitations into the RFC. According to Perez, the ALJ missed her "pain, inability to concentrate for long periods of time, and other related symptoms..." (DE #19 at 8).

With regard to limitations resulting from Perez' alleged pain, the ALJ did not include additional limitations because he did not believe her testimony regarding her symptoms was fully credible and rejected the opinions of her treating physician, Dr. Hendrick. Perez' argument that the ALJ erred in discrediting her testimony has already been addressed by this Court and found

lacking.

Perez did not argue in her opening brief that the ALJ wrongly evaluated the opinion of her treating physician, Dr. Hendrick, but she does attempt to raise this argument in her reply brief. (DE #25 at 2-3). While discussing the ALJ's credibility determination, Perez notes that her allegations are consistent with the limitations found by Dr. Hendrick, and further suggests that the ALJ erred in discounting this opinion. The ALJ's decision dismisses Dr. Hendrick's opinions rather abruptly. (Tr. at 21). Nonetheless, arguments not raised in the opening brief are waived. *See Young v. Colvin*, No. 1:13-cv-01602, 2015 WL 1190095, at *7 n.5 (S.D. Ind. Mar. 13, 2015); *Citizens Against Ruining the Env't,* 535 F.3d 670 at 675). Accordingly, this Court will not consider whether the ALJ erred in his treatment of Dr. Hendrick's opinions.

With regard to concentration, again Perez hardly develops this argument in her opening brief - she only briefly mentions it as one of the impairments that the ALJ's RFC allegedly does not accommodate. (DE #19 at 8). Her reply brief develops the argument only slightly more: she argues that the ALJ did not include limitations in the hypothetical to accommodate Perez' moderate limitations in concentration, persistence or pace (DE #25 at 4) and cites to *O-Conner-Spinner v. Astrue*, 627 F.3d 619

(7th Cir. 2010) for the general principle that VE's must consider deficiencies in concentration, persistence and pace. Perez offers no further discussion of *O'Conner-Spinner*.

Furthermore, Perez makes no mention in either her opening brief or reply brief of the limitations to simple, routine, and repetitive tasks that the ALJ included. While an argument could be made that the limitations the ALJ included do not adequately account for the impairment the ALJ found, Perez has not made that argument. If that is the argument that Perez was hinting at, her briefs could not have put the Commissioner on notice of this claim. Again, this Court will not develop Perez' arguments for her. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999)("It is not the responsibility of this court to make arguments for the parties."). The failure to develop this argument results in waiver.

While ALJs who rely on testimony from VE's must pose questions that incorporate all relevant limitations, here the ALJ appears to have done so. *See Kasarsky v Barnhart*, 335 F3d 539, 543 (7th Cir. 2002)(questions posed to VE's "must incorporate all relevant limitations from which the claimant suffers.... Otherwise, the vocational testimony will not reveal whether there are jobs in the national economy that a person like hte claimant could perform, and if so, how many."). This is not a case where

-18-

the logical bridge between the evidence and the RFC are missing. *See Thomas v. Colvin*, 745 F.3d 802 (7th Cir. 2014)("[W]e will uphold the ALJ's decision so long as it is supported by 'substantial evidence' and the ALJ built an 'accurate and logical bridge' between the evidence and her conclusion.").

CONCLUSION

For the reasons set forth above, the Commissioner of Social Security's final decision is **AFFIRMED.**

**DATED: September 28, 2015**　　　　　　　**/s/ Rudy Lozano, Judge**
　　　　　　　　　　　　　　　　　　　　　　　**United States District Court**